IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KALVIN MICHAEL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10-CV-29 |
| | ) | |
| TODD PINION, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Kalvin Michael Smith filed this 28 U.S.C. § 2254 petition challenging his 1997 convictions in Forsyth County Superior Court for armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury. The Silk Plant Forest Truth Committee, a group of Winston-Salem, North Carolina, citizens who convened to investigate the facts of Mr. Smith's criminal case, moved to appear as amicus curiae and requested that the Court take judicial notice of a report on the case commissioned by the Committee. (Doc. 35.) The Court, per Magistrate Judge Auld, granted the motion in part, permitting the Committee to file a motion showing good cause for taking judicial notice of the report. (Text Order, Sept. 10, 2012.) This matter comes before the Court on that motion. (Doc. 40.) Because the report is not within the purview of Federal Rule of Evidence 201, the Court will deny the motion.

As an initial matter, the Court questions the propriety of permitting a non-party to present evidence. *See United States v. Michigan*, 940 F.2d 143, 166 (6th Cir. 1991) (collecting cases and stating that "[o]nly a named party or an intervening real party in interest is entitled to litigate on the merits"). Though the scope and extent of amicus participation is within the discretion of the

Court, the Committee is not a named party or a real party in interest to this litigation, and it should not be accorded the right to present evidence or otherwise participate in an adversarial fashion. *See id.* at 164-65.

Even if the Court were to allow the Committee to present evidence, it would not take judicial notice of the report. Federal Rule of Evidence 201 provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Thus, for example, the Fourth Circuit has approved of taking judicial notice of a town's location within an Indian reservation, *United States v. Lossiah*, 537 F.2d 1250, 1251 (4th Cir. 1976); published stock prices, *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n.4 (4th Cir. 2004); and a county's published policies and procedures regarding inventory of items in a seized vehicle, *United States v. George*, 971 F.2d 1113, 1122 n.13 (4th Cir. 1992). On the other hand, where the parties "clearly and reasonably disagree[d] about the meaning ascribed to" newly issued surface coal mine permits, the Fourth Circuit declined to judicially notice them. *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 216 (4th Cir. 2009).

Here, the report is not an appropriate subject for judicial notice because its contents are subject to reasonable dispute. It is not made up of facts, but rather consists of the author's opinions and legal conclusions, including whether the author had confidence in the investigation of the crime and its result, whether all the suspects were fully investigated, and whether the police conducted an adequate investigation. (*See* Doc. 41-1 at 3.) Not surprisingly, then, the parties "clearly and reasonably disagree about the meaning ascribed to" the report. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 216.

Further, before a court can take judicial notice of a private document, the court must, at a minimum, establish that the accuracy of the source of the document "cannot reasonably be questioned"; a private document that "has none of the indicia of trustworthiness found in a public record or a well-established learned treatise" is not an appropriate subject for judicial notice. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997) (quotation marks omitted) (collecting cases). Like a settlement agreement, *see id.*, or a newspaper article, *see Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991), a commissioned report opining about the credibility of a criminal investigation lacks the credibility to establish facts as indisputable.

Moreover, the report is not relevant to the respondent's pending motion to dismiss Mr. Smith's petition as untimely. Amicus contends that the report speaks to Mr. Smith's contention that any untimely filing should be equitably excused by his actual innocence. To establish actual innocence and excuse untimely filing, a petitioner must provide evidence showing "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S. Ct. 1924, 1933 (2013). The report reflects one man's opinion doubting the adequacy of the police investigation and the reliability of several pieces of evidence presented by the state. It does not present any new evidence that would tend to establish Mr. Smith's innocence. The report explicitly states that it "does not presume to exonerate Kalvin Michael Smith." (Doc. 41-1 at 18.) Though the report recommends a new trial, (*see id.* at 19), it does not even go as far as to suggest that Mr. Smith would not be convicted in view of the full record. For these reasons, the report does not make it more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See Schlup*, 51 U.S. at 327.

3

Case 1:10-cv-00029-CCE-LPA   Document 54   Filed 07/29/13   Page 3 of 4

It is therefore **ORDERED** that the amicus motion for judicial notice, (Doc. 40), is **DENIED**.

This the 29th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE

4

Case 1:10-cv-00029-CCE-LPA   Document 54   Filed 07/29/13   Page 4 of 4